1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

OAKLAND DIVISION

9

10   ALBERT C. BURGESS, JR.,

Case No:  C 11-1898 SBA (pr)

Plaintiff,

11

**ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS AND DENYING
PLAINTIFF'S MOTION TO
STRIKE AND FOR SANCTIONS**

vs.

12

13   EBAY, INC., PAYPAL, INC., GOOGLE,
INC., VISA INTERNATIONAL, INC.,
MASTERCARD, INC., CHARLOTTE
OBSERVER PUBLISHING CO., INC.,
DANNY L. DURHAM,

Dkt. Nos. 39, 43, 49, 50

14

15

Defendants.

16

17

18          On April 20, 2011, Plaintiff Albert C. Burgess, Jr., a federal inmate incarcerated in

19   Butner, North Carolina, filed the instant action against eBay, Inc. ("eBay"), PayPal, Inc.

20   ("PayPal"), Google, Inc. ("Google"), Visa International, Inc. ("Visa"), Mastercard

21   International, Inc. ("Mastercard"), Charlotte Observer Publishing Co., Inc. ("Charlotte

22   Observer") and Danny L. Durham ("Durham").  Plaintiff alleges that the Court has federal

23   question and diversity jurisdiction.  See 28 U.S.C. §§ 1331, 1332.

24          The parties are presently before the Court on:  (1) Mastercard's Motion to Dismiss

25   Plaintiff's Amended Complaint (and Visa's joinder therein), Dkt. 39, 48; (2) the Charlotte

26   Observer's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of

27   Civil Procedure 12(b)(6) and to Strike Plaintiff's State Law Claim Pursuant to California

28

Code of Civil Procedure § 425.16, Dkt. 43; (3) Durham's Motion to Dismiss Amended Complaint, Dkt. 50; and (4) Plaintiff's Motion to Strike and Motion for Sanctions, Dkt. 49.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' respective motions to dismiss and DENIES Plaintiff's motion to strike and for sanctions.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   **BACKGROUND**

The following is a summary of the relevant allegations set forth in Plaintiff's Amended Complaint and matters of which the Court may properly take judicial notice, including the dockets in Plaintiff's prior criminal and civil actions.  See Barron v. Reich, 13 F.3d 1370, 1377 (9h Cir. 1994).  In November 2009, Plaintiff was convicted following a jury trial in the Western District of North Carolina of two felonies involving the receipt and possession of materials depicting minors engaged in sexually explicit conduct.  United States v. Burgess, Case No. 1:09-00017-GCM-DLH-1 (W.D. N.C.), Dkt. 185.  The district court sentenced Burgess to a prison term of 292 months, supervised release for life and restitution.  Id.  Plaintiff appealed the judgment to the Fourth Circuit Court of Appeals, which, in a published decision, affirmed the conviction and sentence, but vacated the restitution order.  United States v. Burgess, 684 F.3d 445 (4th Cir. 2012).  The Supreme Court denied certiorari on October 15, 2012.  133 S.Ct. 490 (2012).  Plaintiff is currently incarcerated at the Butner Federal Correctional Complex in North Carolina.  See www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList =false&IDType=IRN&IDNumber=88539-071 (last visited Dec. 14, 2009).[1]

On April 20, 2011, Plaintiff filed the instant action in this Court.  Dkt. 1.  On April 20, 2012, Plaintiff filed an Amended Complaint, which the Court construes as the operative

---

[1] Since his incarceration, Plaintiff has filed a multitude of civil lawsuits throughout the United States, including over thirty actions in the District of South Carolina.  See Burgess v. Williams, No. 1:11CV316, 2011 WL 5290155 at *2 (M.D.N.C. Nov. 2, 2011).

pleading before the Court.  Dkt. 36.  Plaintiff alleges that eBay, PayPal, Google, Visa and Mastercard are Delaware corporations that conduct business in California.  Am. Compl. ¶ 2.  He further alleges that the Charlotte Observer is a North Carolina corporation and Durham is a citizen of Georgia.  Id. ¶ 3.[2]  The basis of this Court's venue is not alleged in the pleadings.

Although the nature of Plaintiff's claims is not entirely clear, the Amended Complaint appears to complain that eBay and PayPal released private information about him to law enforcement officials in violation of 18 U.S.C. § 1030, et seq., and 18 U.S.C. § 2707, et seq.  Am. Compl. ¶ 7.  He further claims that eBay, PayPal, Visa, Mastercard and Google all promote child pornography, and that they reported "fabricated" information to law enforcement officials which "caused [him] to be arrested and charged with a crime he was legally innocent of."  Id. ¶ 10, 11, 19.  As to Durham and the Charlotte Observer, Plaintiff accuses them of publishing libelous, albeit unspecified, statements about him.  Id. ¶¶ 20-22.

All Defendants except for Google, eBay and PayPal have filed motions to dismiss the Complaint.  Plaintiff has responded to the parties' respective motions and the matters are now ripe for adjudication.[3]

## II.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations

---

[2] It is questionable whether the Court has personal jurisdiction over the Charlotte Observer and Durham and whether venue is proper as to these Defendants.  See 28 U.S.C. § 1391(a).  However, neither Defendant has raised these issues in their respective motions.  Nonetheless, there is no impediment to raising such arguments in a future motion to dismiss, in the event Plaintiff amends his complaint.

[3] The Court previously granted Plaintiff until April 10, 2012, to serve all Defendants, and expressly warned him that the failure to do so would result in the dismissal of the unserved Defendants under Federal Rule of Civil Procedure 4(m).  Dkt. 28.  Since Plaintiff failed to serve Google, eBay and PayPal, these defendants are dismissed without prejudice.

contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." <u>Outdoor Media Group, Inc. v. City of Beaumont</u>, 506 F.3d 895, 899-900 (9th Cir. 2007).  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1951 (2009).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III.   DISCUSSION

### A.   MASTERCARD AND VISA'S MOTION TO DISMISS

Mastercard and Visa argue that Plaintiff's allegations against them are too vague to state a claim.  The Court agrees.  In an entirely conclusory manner, the Amended Complaint avers that Mastercard and Visa, along with eBay, Google and PayPal, violated unspecified federal and state privacy laws by disclosing false information to unspecified law enforcement officials which, in turn, caused him to be "arrested and charged with crimes he was legally innocent of."  Am. Compl. ¶ 19.  However, Plaintiff fails to identify what allegedly false information Mastercard or Visa disclosed to law enforcement officials, the identity of the law enforcement officials or the agency to which such information was disclosed, when the disclosure transpired, which state or federal laws were violated, how such alleged disclosures violated those laws, and the circumstances surrounding the allegedly false charges.  <u>See</u> Am. Compl. ¶ 19.[4]  As to Plaintiff's vague allusions to a vast conspiracy involving all Defendants, Plaintiff fails to identify each Defendant's role in the alleged conspiracy.  The vague and conclusory allegations of the Amended Complaint are

---

[4] Although Plaintiff alleges that eBay and PayPal violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq., and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, et seq., Am. Compl. ¶ 7, he does not identify any federal or state privacy laws allegedly violated by Visa or Mastercard.

1   plainly insufficient under federal pleading standards, as they fail to afford Defendants "fair

2   notice" of the claims alleged against them.  See Twombly, 550 U.S. at 570.[5]

3        In sum, Plaintiff has failed to allege any plausible claims against Mastercard or

4   Visa.  Although the Court has serious doubts regarding whether Plaintiff will be able to

5   allege facts to cure the deficiencies noted above, the Court, out of an abundance of caution,

6   will allow him an opportunity to do so.  Therefore, Plaintiff is granted leave to amend his

7   claims against Mastercard and Visa; however, Plaintiff is advised that any new facts alleged

8   must be consistent with his prior pleadings, see Alvarez v. Chevron Corp., 656 F.3d 925,

9   935 (9th Cir. 2011), and such facts must be truthful and made in good faith under Federal

10  Rule of Civil Procedure 11.

11       **B.    THE CHARLOTTE OBSERVER'S MOTION TO DISMISS**

12       Plaintiff brings a claim for libel and slander against the Charlotte Observer.  The

13  Charlotte Observer contends that the Amended Complaint is devoid of *any* facts to support

14  such claim and is therefore deficient under Twombly and Iqbal.  This contention is

15  meritorious.  In his Amended Complaint, Plaintiff fails to identify the allegedly defamatory

16  statements at issue or any facts demonstrating how or why the Charlotte Observer should be

17  held legally responsible for such statements.  For these reasons alone, the Amended

18  Complaint is subject to dismissal for failure to provide notice to the Charlotte Observer of

19  the claims alleged against it and the grounds upon which those claims rest.

20       In his opposition, Plaintiff attempts to rectify the deficiencies of his Amended

21  Complaint by clarifying that his defamation claim is based on an article that was first

22  published in the Charlotte Observer newspaper on December 20, 2009, and has included a

23

24

25       [5] Plaintiff also seems to suggest that Defendants' allegedly false reporting to law
    enforcement officials is cognizable under state tort law.  However, reports of suspected
26  criminal activity to law enforcement officers enjoy an absolute privilege of immunity from
    civil tort liability under California Civil Code § 47(b).  Hagberg v. California Federal Bank
27  FSB, 32 Cal.4th 350, 374 (2004).  The only tort excepted from the application of section
    47(b) is malicious prosecution, Jacob B. v. County of Shasta, 40 Cal. 4th 948, 960 (2007),
28  but the facts alleged do not give rise to such a claim.

1  copy of the publication for the Court's consideration.  Dkt. 49 at 2; Dkt. 55 Ex. 1.[6]

2  Plaintiff's belated proffer is insufficient to avoid dismissal, as "'new' allegations contained

3  in the [plaintiff's] opposition  . . .  are irrelevant for Rule 12(b)(6) purposes."  Schneider v.

4  Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  The Court may,

5  however, consider such information in determining whether to grant leave to amend.

6  Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in

7  plaintiff's opposition papers should not be considered by the court in determining whether

8  to grant leave to amend or to dismiss the complaint with or without prejudice.") (citing

9  Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001)).

10      The article that ostensibly forms the basis of Plaintiff's claim against the Charlotte

11  Observer is entitled "The man in Jon Robinson's nightmares," which was authored by the

12  Charlotte Observer employee Mark Washburn.  See Pl.'s Mot. to Strike at 2, Dkt. 55, Ex. 1.

13  The article, which was first published on December 20, 2009, reports that Plaintiff was then

14  awaiting sentencing on federal child pornography charges (i.e., United States v. Burgess,

15  Case No. 1:09-00017-GCM-DLH-1) and that he was facing up to forty years in prison.  Id.

16  The article summarizes Plaintiff's lengthy criminal history involving numerous child

17  molestations dating back to 1971, including an arrest in Anderson, South Carolina, "on

18  charges involving a child pornography ring and four boys."  Id.  Plaintiff does not take

19  exception to any information in the article other than the reference to the "child

20  pornography ring and four young boys."

21      The Charlotte Observer first argues that any amendment to Plaintiff's claim for

22  defamation would be futile on the ground that such claim is time-barred.  In California,

23  defamation claims, including a claim for libel, are subject to a one-year statute of

24  limitations.  See Roberts v. McAfee, Inc., 660 F.3d 1156, 1166 (9th Cir. 2011) (citing Cal.

25  Cod. Civ. P. § 340(c)).  Publication, for the purposes of the statute of limitations for libel,

26  occurs on the first general distribution to the public.  Shively v. Bozanich, 31 Cal. 4th 1230,

27

28      [6] The article is attached to Plaintiff's response to Durham's motion to dismiss, not the Charlotte Observer's motion.  Dkt. 55.

1245 (2003).  According to Plaintiff and as indicated in the article itself, the article was first published by the Charlotte Observer in its newspaper on December 20, 2009.  Pl.'s Mot. to Strike at 1; Reply to Def.'s Durham's Mot. to Dismiss Ex. 1.  Based on the date of initial publication, the one-year statute ran on December 20, 2010.  Since Plaintiff did not file this action until April 4, 2011, his claim for libel based on that article is time-barred.

Plaintiff contends that the article has been republished as recently as December 18, 2010, and therefore, his claim is timely because he filed suit within one-year of that date. Not so.  California follows the "single-publication rule," which provides that:

> No person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance, such as any one issue of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture.  Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions.

Cal. Civ.Code § 3425.3.  The rule provides that tort claims premised on a mass publication accrue upon the first publication of the communication.  Roberts v. McAfee, Inc., 660 F.3d 1156, 1666-67 (9th Cir. 2011).  Here, Plaintiff concedes that the article was first published on December 20, 2009, meaning that the limitations period commenced to run on that date.  That the article allegedly was reprinted on the internet does not restart the statute of limitations.  Id.

It is thus clear that Plaintiff's libel claim is time-barred unless he can show that the statute should be tolled.  There are two separate but related equitable doctrines that may toll a limitations period:  (1) equitable tolling and (2) equitable estoppel.  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff:  If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'"  Id. (quoting Johnson v. Henderson, 314

F.3d 409, 414 (9th Cir. 2002)). "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" Id. Facts supporting the tolling of a limitations period must be alleged in the pleadings. See Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993). Since no such facts are alleged in the Amended Complaint, the Court will grant Plaintiff leave to allege facts demonstrating either equitable tolling or equitable estoppel.

In sum, the Court finds that Plaintiff's claim for libel fails to allege sufficient facts to state a claim. Plaintiff is granted leave to amend to cure that deficiency. In addition, because such claim appears to be time-barred, Plaintiff must allege facts demonstrating that the statute of limitations should be tolled.[7]

## C.   DURHAM'S MOTION TO DISMISS

Defendant Durham has filed a pro se motion to dismiss based on lack of subject matter jurisdiction and for failure to state a claim. Dkt. 50.[8] Durham first argues that Plaintiff has failed to allege facts necessary to establish that the requisite amount for diversity jurisdiction, i.e., $75,000, is in controversy. Durham's Mot. to Dismiss at 6, Dkt. 6. However, Plaintiff predicates this Court's jurisdiction on both federal question and diversity jurisdiction. Thus, irrespective of the amount in controversy, the Court has supplemental jurisdiction over the pendent state law claims alleged against Durham. 28 U.S.C. § 1367(a).

Durham fares better with his contention that the pleadings are insufficient to state a claim against him. The Amended Complaint alleges that Durham is liable "for libel and

---

[7] As an alternative matter, Charlotte Observer contends that Plaintiff's libel claim is barred under Code of Civil Procedure § 425.16. That section allows a court "to dismiss at an early stage nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." Sipple v. Foundation for Nat'l Progress, 71 Cal. App. 4th 226, 235 (1999). Charlotte Observer's argument, however, is based on an article that, in fact, is *not* the article that forms the basis of Plaintiff's claims. As such, the Court does not reach Charlotte Observer's argument under section 425.16 at this juncture. Charlotte Observer may resubmit such argument after Plaintiff further amends his pleadings.

[8] The Court liberally construes Durham's motion as being brought under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

1  slander published by Defendant Charlotte Observer and by not taking steps to correct his

2  libel and slander."  Am. Compl. ¶ 4.  However, Plaintiff fails to identify the publication at

3  issue or Durham's role allegedly failing to "correct his libel and slander."  Id.  Plaintiff's

4  fact-barren pleadings clearly fail to provide Durham with fair notice of the claim being

5  alleged against him, in direct contravention of Twombly and Iqbal.  As such, Plaintiff's

6  claim against Durham will be dismissed with leave to amend.

7       In his opposition brief, Plaintiff indicates that the publication at issue is the same as

8  the one that forms the basis of his defamation claim against the Charlotte Observer; to wit,

9  the December  20, 2009 article authored by Washburn.  Though not entirely clear, Plaintiff

10  appears to argue that Durham provided false information to unspecified law enforcement

11  officials, and that such information eventually became the foundation of the allegedly false

12  statement in the Charlotte Observer's article regarding Plaintiff's involvement in a child

13  pornography ring.  Thus, to the extent that Plaintiff is attempting to hold Durham liable for

14  any statement in the article, his argument fails for the same reasons articulated above.

15  Therefore, Plaintiff's defamation claim against Durham is dismissed with leave to amend.[9]

16       **D.   PLAINTIFF'S MOTION TO STRIKE**

17       Plaintiff has filed a motion to strike the Charlotte Observer's motion to dismiss and

18  for the imposition of sanctions against the Charlotte Observer for allegedly perpetrating a

19  fraud on the court.  Dkt. 49.  Specifically, Plaintiff notes that the Charlotte Observer has

20  published two news articles regarding him, and that it unilaterally selected the wrong article

21  as the basis of its motion.  However, Plaintiff readily acknowledges that "[he] did not

22  specify what article or in the statements in the newspaper of Defendant Charlotte Observer

23  we libelous."  Id. at 1. Given that it is Plaintiffs'—not Defendants'—legal obligation to set

24  forth the facts giving rise to his legal claims, it strains credulity for him to fault the

25

26

27       [9] In addition to reciting a factual basis for tolling, Plaintiff must allege facts
    identifying the particular conduct engaged in by Durham that forms the basis of his
28  defamation claim.

Charlotte Observer for relying on the incorrect article.  Plaintiff's motion to strike and for the imposition of sanctions is frivolous and is therefore denied.

## IV.    <u>CONCLUSION</u>

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.      Defendants Mastercard, Visa, Charlotte Observer and Durham's respective motions to dismiss are GRANTED.

2.      Plaintiff's motion to strike and for sanctions is DENIED.

3.      Plaintiff shall have twenty-one (21) days from the date this order is filed to file his Second Amended Complaint.  Plaintiff must rectify the deficiencies in his Amended Complaint, as set forth above.  The failure to file a Second Amended Complaint within the timeframe specified by the Court will result in the dismissal of the action.

4.      This Order terminates Docket nos. 39, 43, 49 and 50.

IT IS SO ORDERED.

Dated:  December 21, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ALBERT C. BURGESS, JR.,

        Plaintiff,

  v.

EBAY INC. et al,

        Defendant.

_____/

                  Case Number: CV11-01898 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 2, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Albert C. Burgess 88539-071
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509

Danny L Durham
2350 Washington Road
Augusta, GA 30904

Dated: January 2, 2013
                  Richard W. Wieking, Clerk

                  By: Lisa Clark, Deputy Clerk

1

2

3

4

5

6

7

8

9

10

11

G:\PRO-SE\SBA\CR.11\11-1893 - Burgess - Order Dismissing Action with LTA.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28