IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT C. BURGESS, JR., | No. C 11-01898 SBA (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO SET ASIDE JUDGMENT** |
| v. | |
| EBAY, INC., PAYPAL, INC., GOOGLE, INC., VISA INTERNATIONAL, INC., MASTERCARD, INC., CHARLOTTE OBSERVER PUBLISHING CO., INC., DANNY L. DURHAM, | (Docket No. 74) |
| Defendants. | |

This is a pro se civil rights complaint filed by Plaintiff Albert C. Burgess, Jr., an inmate incarcerated in the Low Security Correctional Institution in Butner, North Carolina. On December 21, 2012, the Court issued an Order granting Defendants' motion to dismiss Plaintiff's First Amended Complaint and granted Plaintiff twenty-one days from the date of the Order to file a Second Amended Complaint. Dkt. 62. In the Order, the Court warned Plaintiff that "[T]he failure to file a Second Amended Complaint within the timeframe specified by the Court will result in the dismissal of the action." Id. at 10. Plaintiff did not file a Second Amended Complaint and, in an Order dated February 20, 2013, the Court dismissed the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an Order of the Court. Dkt. 72. Plaintiff now moves to set aside the judgment under Federal Rule of Civil Procedure 60(a), (b). Dkt. 74.

A motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e) or 60(b). Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). A motion under Rule 60(b) may be granted "if the moving party can show: (1) mistake, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief." Id.

Ostensibly relying on Rule 60(b)(1), Plaintiff argues that the Court mistakenly found that this action should be dismissed based on his failure to comply with its December 21, 2012 Order to file a Second Amended Complaint. Notwithstanding the fact that the Second Amended Complaint does not appear on the docket, Plaintiff argues that he "did in fact submit the Second Amended Complaint." Dkt. 74 at 1. Plaintiff points out that, on February 19, 2013, one of the Defendants, the Charlotte Observer Publishing Co., Inc. ("Charlotte Observer"), filed "an extensive reply to the Second Amended Complaint submitted by the Plaintiff." Id. Plaintiff argues that the Charlotte Observer could only have received notice of the Second Amended Complaint from the Court's electronic docket because he did not send a hard copy to this Defendant. Id. at 1-2.

Plaintiff's arguments are without merit. The Charlotte Observer's filing -- which is a motion to dismiss -- was not filed in response to a Second Amended Complaint. Dkt. 68. It was directed at Plaintiff's "purported " Second Amended Complaint. Id. at 7. In fact, the Charlotte Observer points out that Plaintiff did not file a Second Amended Complaint in compliance with the Court's December 21, 2012 Order and argues that this action should be dismissed, stating:

> This Court, in two subsequent orders, gave plaintiff until February 8, 2013 to file a Second Amended Complaint. Plaintiff has not done so. Rather, on February 4, 2013 he filed what he called a "Reply to Order of This Court; Motion to Add Additional Defendants." (Document 67.) This pleading is not a Second Amended Complaint and doesn't comply with this Court's [December 21, 2012] Order. It is, rather, a rambling narrative in which plaintiff primarily blames other people for his lifetime of child molestation. One thing plaintiff does not do, however, is to come anywhere close to stating a claim against *The Observer*.

Dkt. 68 at 9.

Therefore, Plaintiff has failed to submit any evidence supporting his contention that the Court mistakenly dismissed this action upon finding that he failed to comply with the Court's December 21, 2012 Order to file a Second Amended Complaint. Furthermore, Plaintiff fails to present evidence or argument supporting any other factor that would warrant setting aside the judgment under Rule 60. Accordingly, Plaintiff's motion to set aside the

2

judgment (Dkt. 74) is DENIED.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Plaintiff's motion to set aside the judgment (Dkt. 74) is DENIED.

2. This Order terminates Docket no. 74.

IT IS SO ORDERED.

DATED: 7/26/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ALBERT C. BURGESS, JR.,

        Plaintiff,

  v.

EBAY INC. et al,

        Defendant.

Case Number: CV11-01898 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Albert C. Burgess 88539-071
Federal Correctional Institution 2
P.O. Box 1500
Butner, NC 27509

Danny L Durham
2350 Washington Road
Augusta, GA 30904

Dated: July 29, 2013

                        Richard W. Wieking, Clerk
                        By: Lisa Clark, Deputy Clerk